UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHITE MOUNTAIN GROUP, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1725** |
| **ASPEN SALES GROUP, LLC, ET AL.** | **SECTION "H"(2)** |

### ORDER AND REASONS

Before the Court is a Motion to Transfer (R. Doc. 10) and a Motion to Strike (R. Doc. 37). For the following reasons, the Motion to Strike is GRANTED. The Motion to Transfer is DENIED WITHOUT PREJUDICE and may be re-urged, if necessary, following the appointment of a permanent liquidator.

### BACKGROUND

Former Plaintiff White Mountain Group, Inc. ("White Mountain") is a redistributor of various food products. Defendant Michael Zieger ("Zieger") is a 49% owner of White Mountain. Donna

1

Buring ("Buring") owns the remaining 51%.  Disputes arose between the owners, which gave rise to three distinct pieces of litigation: (1) on December 8, 2011, Zieger filed suit against Buring in a federal district court in New Jersey (the "New Jersey Action"); (2) on May 22, 2012, Buring, on behalf of White Mountain Group, filed suit in Louisiana state court against Zieger and Defendant Aspen Sales Group LLC, which was removed to this Court on July 18, 2012 (the "Instant Action"); and (3) on July 11, 2012, Buring filed a petition for the judicial dissolution in Louisiana state court (the "Dissolution Action").[1]

Holy Sharp ("Sharp") was appointed temporary liquidator in the Dissolution Action.  On February 18, 2013, Sharp informed the parties that she does not intend to take action on behalf of White Mountain in the Instant Action or the New Jersey Action, preferring instead to defer to the permanent liquidator.  Zieger filed a motion to appoint a permanent liquidator, which is set for hearing in state court on March 15, 2013.

On August 24, 2012, Defendants filed a Motion to Transfer the Instant Action to the District of New Jersey. (R. Doc. 10.)  The parties consented to continue the submission date of the Motion on four different occasions in hopes of negotiating a settlement.  Settlement negotiations apparently fell through in February 2013.  On February 19, 2013, Buring filed an opposition to the Motion on behalf of White Mountain (R. Doc. 31) and requested oral argument.  The Court set oral argument for March 28, 2013, at 10:00 a.m.

---

[1] A trademark suit was filed by White Mountain and subsequently dismissed.

On February 26, 2013, Defendants filed a Motion to Strike (R. Doc. 37) the opposition and request for oral argument filed by Buring on behalf of White Mountain. Buring filed an opposition on March 5, 2013. (R. Doc. 43.)

**LAW AND ANALYSIS**

Defendants argue that Sharp is the only person with standing to file pleadings on behalf of White Mountain. Buring does not dispute Defendants' standing argument.[2] Rather, given Sharp's refusal to take an active role in the Instant Action, and the fact that a permanent liquidator had not heretofore been appointed, Buring argues that she was essentially forced to file an opposition memorandum on behalf of White Mountain. Buring contends that Defendants would gain an "untoward procedural advantage" by having the Motion to Transfer adjudicated without the benefit of an opposition.

Defendant is correct that only Sharp has standing to participate in litigation on behalf of White Mountain. Louisiana law distinguishes between voluntary and involuntary liquidations. *Waguespack, Dupree & Felts, Inc. v. Urban Devs., Inc.*, 383 So. 3d 448, 450 (La. Ct. App. 4th Cir. 1980). In involuntary liquidation proceedings such as the Dissolution Action, the liquidator "shall

---

[2] In fact, Buring appeared to acknowledge earlier in the litigation that she lacked standing when her counsel moved this Court ex parte to substitute Linday Calub—in his capacity as (former) temporary liquidator for White Mountain—as plaintiff. In support of that Motion, Buring recognized that pursuant "to the state liquidation statute, all right, title and interest to all claims is vested in the Liquidator." (R. Doc. 4.)

3

have *full authority* to retain counsel . . . to prosecute and defend actions . . . [and to] compromise, compound, and settle claims by or against the corporation." La. Rev. Stat. § 12:146(C) (emphasis added). Louisiana courts have interpreted this provision to mean that once a corporation is in liquidation, only the liquidator is a proper party plaintiff. *See, e.g.*, *Small v. Wabnig*, 358 So. 2d 331, 332 (La. Ct. App. 4th Cir. 1978); *Judson v. Davis*, 81 So. 3d 712, 720 (La. Ct. App. 1st Cir. 2011). This result is consistent with the Louisiana Code of Civil Procedure, which provides that a liquidator appointed by a Louisiana court "is the proper plaintiff to sue to enforce a right of the corporation." La. Code Civ. Proc. art. 692. In order to prosecute litigation instituted before dissolution, either the proper party must be substituted in the case or the corporate status of the dissolved entity must be retroactively reinstated. *See Butcher v. Keith Hebert Carpentry/Vinyl Siding, Inc.*, 945 So. 2d 914, 917 (La. Ct. App. 3rd Cir. 2006).

Since Sharp is the temporary liquidator, she is the proper party to oppose the Motion to Transfer. Given that Sharp has chosen to defer all legal decisions to the permanent liquidator, the Court believes it would be inequitable to adjudicate the Motion to Transfer at this time. Consequently, the Motion to Transfer is denied without prejudice and may be re-urged, if necessary, following the appointment of a permanent liquidator.

## CONCLUSION

For the foregoing reasons, the Motion to Strike is GRANTED and the Motion to Transfer is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 15th day of March, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

5